## AMERICAN IMPORT CO. *v.* UNITED STATES

**No. 5753.**—Invoices dated Mozi, Japan, August 7, 1938, etc.
Entered at San Francisco, Calif., September 7, 1938, etc.
Entry No. 2029, etc.

(Decided November 2, 1942)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney),
for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between the attorneys for the parties hereto, subject to the approval of the court, that the appeals to reappraisement set forth in schedule A, hereto annexed and made a part hereof, cover bamboo rakes imported from Japan.

That the facts and the issues involved in the appeals to reappraisement set forth in schedule A are the same in all material respects as the facts and issues involved in *American Import Co.* v. *US,* RD 5470, affirmed in RD 5642.

That export value, as that value is defined in section 402 (d) of the tariff act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that the appraised value of the bamboo rakes covered by these appeals, less the amount added by the appraiser for inland freight, in reapt. no. 130935A, represents the export value of such merchandise.

That in all other cases set forth in schedule A, export value, as that value is defined in section 402 (d) of the tariff act of 1930, is the proper basis for the determination of the value of the merchandise there involved, and that the appraised value of the bamboo rakes covered by those appeals, less any additions made by the importer to meet advances made by the appraiser, in reapt. 130935A, represents the export value of such merchandise.

It is further stipulated and agreed that the record in RD 5470, affirmed in RD 5642, be incorporated as a part of the record in the appeals to reappraisement set forth in schedule A.

It is further stipulated that there is no higher foreign value for such or similar merchandise, and that the said appeals to reappraisement are abandoned as to all other merchandise other than the aforementioned bamboo rakes, and that the said appeals to reappraisement are hereby submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to reappraisement 130935–A such value is the appraised value, less the amount added by the appraiser for inland freight, and that as to all other reappraisements listed in schedule A such values are the appraised values, less any additions made by the importer to meet advances made by the appraiser in reappraisement 130935–A.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.